IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HYPER ICE, INC. and HYPERICE IP SUBCO, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 24-004 (JLH) |
| THERABODY, INC., | ) ) ) | |
| Defendant. | ) | |

**DEFENDANT'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

|  |  |
|---|---|
|  | MORRIS NICHOLS ARSHT & TUNNELL LLP |
|  | Karen Ann Jacobs (#2881) |
| OF COUNSEL: | Lucinda C. Cucuzzella (#3491) |
|  | 1201 North Market Street |
| Brett J. Williamson | P.O. Box 1347 |
| Cameron W. Westin | Wilmington, DE  19899 |
| Jaston P. Burri | (302) 658-9200 |
| O'MELVENY & MYERS LLP | kjacobs@morrisnichols.com |
| 610 Newport Center Drive, Floor 17 | ccucuzzella@morrisnichols.com |
| Newport Beach, CA  92660 |  |
| (949) 823-6900 | *Attorneys for Defendant Therabody, Inc.* |
| | |
| Marc J. Pensabene | |
| Laura B. Gore | |
| Gyuhyun (Joanne) Bae | |
| O'MELVENY & MYERS LLP | |
| Times Square Tower | |
| 7 Times Square | |
| New York, NY  10036 | |
| (212) 326-2000 | |

February 2, 2024

**TABLE OF CONTENTS**

I. INTRODUCTION AND NATURE AND STAGE OF THE PROCEEDINGS ..................... 1

II. SUMMARY OF ARGUMENT ................................................................................... 1

III. STATEMENT OF FACTS ........................................................................................... 1

IV. LEGAL STANDARD ................................................................................................. 2

V. ARGUMENT ............................................................................................................... 4

    A. Hyperice Fails to Plausibly Plead Patent Infringement Under Rule 12(b)(6) Because Its Allegations are Bare Bones and Conclusory ........................................ 4

    B. Hyperice Fails To Adequately Plead Infringement Under The Doctrine Of Equivalents ................................................................................................................ 5

    C. If Hyperice Is Granted Leave To Amend, It Should Be Required to Plead Facts that Plausibly Allege How Each of Therabody's Products Practice Each of the Limitations in the Asserted Claims ............................................................................ 6

VI. CONCLUSION ............................................................................................................ 7

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ............................................................................................................. 2, 3

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007) ............................................................................................................. 2, 5

*Boston Sci. Corp. v. Nevro Corp.*,
 C.A. No. 18-644-CFC, 415 F. Supp. 3d 482 (D. Del. 2019) ................................................... 4

*DIFF Scale Operation Rsch., LLC v. MaxLinear, Inc.*,
 No. 19-2109-LPS-CJB, 2020 WL 2220031 (D. Del. May 7), R. & R. adopted,
 2020 WL 6867103 (D. Del. Nov. 23, 2020) ..................................................................... 3, 4, 6

*Macronix Int'l Co. v. Spansion Inc.*,
 4 F. Supp. 3d 797 (E.D. Va. 2014) ........................................................................................... 6

*N. Star Innovations, Inc. v. Micron Tech., Inc.*,
 No. 17-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017), R. & R.
 adopted, No. 17-506-LPS-CJB, 2018 WL 11182741 (D. Del. Jan. 3, 2018) ................... 3, 4, 6

*Nexus Pharms., Inc. v. Exela Pharma Sci., LLC*,
 No. 22-1233-GBW, D.I. 17 (D. Del. June 13, 2023) ............................................................... 3

*Samsung Elecs. Co. v. Netlist, Inc.*,
 No. 21-1453-RGA-JLH, 2023 WL 5333284 (D. Del. Aug. 18, 2023) ..................................... 3

*SIPCO, LLC v. Streetline, Inc.*,
 230 F. Supp. 3d 351 (D. Del. 2017) ......................................................................................... 5

*Uniloc 2017 LLC v. Zenpayroll, Inc.*,
 No. CV 19-1075-CFC-SRF, 2021 WL 271800 (D. Del. Jan. 27, 2021) .................................. 4

*Vytacera Bio, LLC v. CytomX Therapeutics, Inc.*,
 No. CV 20-333-GBW-CJB, 2023 WL 7125196 (D. Del. Oct. 30, 2023) ......................... 5, 6, 7

**Rules**

Fed. R. Civ. P. 8(a)(2) .................................................................................................................... 2

Fed. R. Civ. P. 12(b)(6) ..................................................................................................... 1, 2, 4, 5

**I.      INTRODUCTION AND NATURE AND STAGE OF THE PROCEEDINGS**

On January 3, 2024—less than a day after U.S. Patent No. 11,857,482 (the "'482 Patent") issued—Plaintiffs Hyper Ice, Inc. and Hyperice IP Subco, LLC (together, "Hyperice") sued their chief competitor, defendant Therabody, Inc. ("Therabody"), for allegedly infringing that patent. A review of the five-page Complaint shows that in its sprint to the courthouse, Hyperice failed to explain why it has a plausible basis to believe it is entitled to relief from Therabody. Because the law requires much more than what Hyperice has alleged in order to state a viable claim for patent infringement under Fed. R. Civ. P. 12(b)(6), the Complaint should be dismissed.

**II.     SUMMARY OF ARGUMENT**

The Complaint fails to state a plausible claim that any of the accused Therabody products infringe the '482 Patent, either literally or under the doctrine of equivalents, because it does not plead sufficient facts to state a plausible claim that each of the products practice each of the limitations of the asserted claim of the '482 Patent.

**III.    STATEMENT OF FACTS**

The '482 Patent, titled "Massage Device Having Variable Stroke Length," was issued on January 2, 2024. D.I. 1-1.[1] The specification describes the claimed invention as "relat[ing] generally to medical devices, and more particularly, to a deep muscle-stimulating device used to increase muscle metabolism, increase the lactic acid cycle and relieve pain." *Id.* at 1:22-25.

Claim 34—the only claim specifically asserted in the Complaint—includes five distinct and detailed elements:

---

[1] The Complaint erroneously alleges that the '482 Patent is titled "Battery-Powered Percussive Massage Device," D.I. 1 at ¶ 8, but attached to the Complaint as Exhibit 1 is a copy of the patent showing the correct title.

1

> 34. A percussive massager comprising:
>
> a housing;
>
> a piston in the housing having a proximal end and a distal end;
>
> a motor at least partially within the housing and operatively connected to the proximal end of the piston, wherein the motor is configured to cause the piston to reciprocate at a first speed;
>
> a drive mechanism between the motor and the piston that controls a predetermined stroke length of the piston; and
>
> a quick release connector at the distal end of the piston, wherein the quick release connector is configured to secure a first massaging head while the piston reciprocates a predetermined stroke length at the first speed, wherein the first massaging head has a substantially cylindrical pocket to receive the quick release connector.

*Id.* at 11:64 – 12:14.

Therabody manufactures and sells battery-powered percussive massage devices. The Complaint alleges that Therabody products infringe "at least" claim 34 of the '482 Patent, "including but not limited to" the TheraFace PRO, Theragun PRO, Theragun Sense, Theragun Elite, Theragun Prime, and Theragun mini. D.I. 1 at ¶¶ 12, 15. The Complaint contains no allegations as to how these products allegedly infringe. There are no exhibits or attachments to the Complaint other than the patent, and there are no allegations in the body of the Complaint that incorporate any other external material such as charts, illustrations, or photographs.

## IV. LEGAL STANDARD

A motion to dismiss a claim should be granted if a plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief."). A complaint must be dismissed if it fails to plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic Corp.*

2

*v. Twombly*, 550 U.S. 544, 570 (2007). "A possibility of relief is not enough. 'Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" *Samsung Elecs. Co. v. Netlist, Inc.*, No. 21-1453-RGA-JLH, 2023 WL 5333284, at *3 (D. Del. Aug. 18, 2023) (quoting *Iqbal*, 556 U.S. at 678) (internal citation omitted).

To meet this standard in a patent infringement case, the plaintiff "needs to have pleaded facts that plausibly indicate that Defendant['s] accused products practice each of the limitations asserted in the relevant claims." *DIFF Scale Operation Rsch., LLC v. MaxLinear, Inc.*, No. 19-2109-LPS-CJB, 2020 WL 2220031, at *1 (D. Del. May 7, 2020), R. & R. adopted, 2020 WL 6867103 at *1 (D. Del. Nov. 23, 2020) (citing *inter alia Modern Telecom Sys., LLC v. TCL Corp.,* No. 17-583-LPS-CJB, 2017 WL 6524526, at *2 (D. Del. Dec. 21, 2017); *see also Nexus Pharms., Inc. v. Exela Pharma Sci., LLC*, No. 22-1233-GBW, D.I. 17, Mem. Order at 2-3 (D. Del. June 13, 2023) (Ex. 1 hereto) ("if after reading a complaint, the Court cannot conclude it is plausible that the accused infringer's product reads on a limitation of an asserted claim of a patent-in-suit, then it cannot be plausible that the accused infringer actually infringes that patent claim.") (quoting *DIFF Scale*). Plausibility requires specificity: "A patentee cannot meet its obligation to assert a plausible claim of infringement under the *Twombly/Iqbal* standard by merely copying the language of a claim element, and then baldly stating (without more) that an accused product has such an element." *N. Star Innovations, Inc. v. Micron Tech., Inc.,* No. 17-506-LPS-CJB, 2017 WL 5501489, at *2 (D. Del. Nov. 16, 2017), R. & R. adopted, 2018 WL 11182741 (D. Del. Jan. 3, 2018).

V.     **ARGUMENT**

      A.     **Hyperice Fails to Plausibly Plead Patent Infringement Under Rule 12(b)(6) Because Its Allegations are Bare Bones and Conclusory**

Rather than alleging facts that articulate how or why Therabody's products allegedly infringe, the Complaint contains bare bones allegations of patent infringement that fail to meet the pleading standard under Rule 12(b)(6).  Indeed, Hyperice has done precisely what this Court routinely has found insufficient under the *Twombly/Iqbal* standard—merely copied the language of claim 34, after the bald conclusion that "Therabody's infringing products are battery-powered percussive massagers that include the following claim limitations, either literally or under the doctrine of equivalents." D.I. 1 at ¶ 15; *N. Star*, 2017 WL 5501489, at *2 (dismissing complaint that "does little more than parrot back the language" of the asserted claim).  This is simply not enough.  "There needs to be something set out beyond a legal conclusion—i.e., some facts alleged that show why it is plausible that the products infringe." *DIFF Scale,* 2020 WL 2220031, at *2 (dismissing complaint with allegations that were "merely a line-for-line recitation" of the asserted claim).

The paucity of alleged facts showing why it is plausible for Therabody to be accused of infringing the '482 Patent is even more egregious in this case, where Hyperice has accused ***six different*** Therabody products.  See *Uniloc 2017 LLC v. Zenpayroll, Inc.,* No. CV 19-1075-CFC-SRF, 2021 WL 271800, at *2-3 (D. Del. Jan. 27, 2021) (citing *Boston Sci. Corp. v. Nevro Corp.*, C.A. No. 18-644-CFC, 415 F. Supp. 3d 482, 489 (D. Del. 2019)) (the complaint "must show ***how*** the defendant plausibly infringes by alleging some facts ***connecting the allegedly infringing products*** to the claim elements.") (first emphasis in original; second emphasis added).  The Complaint is devoid of any allegations that show how or why each of the six Therabody products meets each of the limitations of the single asserted claim from the '482 Patent.

As just one example, the Complaint is silent on how any of the six distinct products meets the element in claim 34 of "a quick release connector at the distal end of the piston, wherein the quick release connector is configured to secure a first massaging head while the piston reciprocates a predetermined stroke length at the first speed, wherein the first massaging head has a substantially cylindrical pocket to receive the quick release connector." *See* D.I. 1-1 at 12:8-14. A rote list of Therabody's products, without more, is insufficient. *See SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del. 2017) (granting motion to dismiss where "[t]he complaint contains no attempt to connect anything in the patent claims to anything about any of the accused products").

Simply put, Hyperice's Complaint must give Therabody fair notice of what activity is being accused of infringement, not just which products are being accused. *See Twombly*, 550 U.S. at 555. The conclusory allegations in the Complaint fail to provide such notice. Accordingly, Hyperice has not asserted a plausible claim of patent infringement under Rule 12(b)(6) and its Complaint should be dismissed.

### B.  Hyperice Fails To Adequately Plead Infringement Under The Doctrine Of Equivalents

Hyperice's alternative claim of infringement under the doctrine of equivalents (DOE) fails to satisfy Rule 12(b)(6) and the *Twombly/Iqbal* pleading standard for the same reasons explained above. But there is also an independent basis for dismissal of that claim, because "a plaintiff must plead facts that articulate why it is plausible that a defendant's accused product infringes under the DOE." *Vytacera Bio, LLC v. CytomX Therapeutics, Inc.*, No. CV 20-333-GBW-CJB, 2023 WL 7125196, at *5 (D. Del. Oct. 30, 2023). In *Vytacera*, the Court explained that the complaint did not contain a sufficiently pled theory of infringement based on the doctrine of equivalents where plaintiff simply alleged that the defendant's product "infringes the

5

asserted claims 'literally and / or under the doctrine of equivalents'—and then went on to say nothing more about how it was plausible that the DOE applied here." *Id.*

Hyperice's Complaint features the same deficient, conclusory allegation—that Therabody's products allegedly infringe the asserted claim "either literally or under the doctrine of equivalents" without anything more. *See* D.I. 1 at ¶ 15. This is not enough—the allegations must show how each of the accused products can plausibly meet either the function-way-result test or the insubstantial difference test. *Vytacera*, 2023 WL 7125196, at *4-6; *see also Macronix Int'l Co. v. Spansion Inc.*, 4 F. Supp. 3d 797, 804 (E.D. Va. 2014) (dismissing literal infringement and doctrine of equivalents claims for infringement where the allegations were pleaded in "bare bones, conclusory form.").

      **C.**      **If Hyperice Is Granted Leave To Amend, It Should Be Required to Plead Facts that Plausibly Allege How Each of Therabody's Products Practice Each of the Limitations in the Asserted Claims**

Should the Court be inclined to dismiss the Complaint but grant Hyperice leave to amend so that it has an opportunity to comply with the requirement that it plead a plausible claim of infringement, Hyperice should be required to allege how each accused product practices each element of asserted claim 34. At a minimum, an amended pleading should show which specific component or function of each Therabody product literally performs the required elements of the claim, preferably using annotated photographs or other graphical images of the products, given the mechanical nature of the claims. S*ee, e.g., DIFF Scale,* 2020 WL 2220031, at *1-2 & n.2; *N. Star*, 2017 WL 5501489, at *3. To the extent Hyperice continues to maintain its alternative DOE infringement theory in an amended complaint, it should further be ordered to detail and illustrate, as to any product or particular claim element for which the DOE is alleged, either how that product satisfies the function-way-result test, or why the product is fairly characterized as

performing a function that is insubstantially different than a particular element. *See, e.g., Vytacera*, 2023 WL 7125196, at *4-6.

## VI. CONCLUSION

For all of the foregoing reasons, Therabody respectfully requests that its motion to dismiss the Complaint be granted for failure to plausibly allege that the accused Therabody products infringe the '482 Patent, either literally or under the doctrine of equivalents. If the Court grants Hyperice leave to amend, Therabody further respectfully requests that the Court order that any amended pleading conform to the requirement that a complaint for patent infringement include specific allegations detailing how each accused product meets the limitations of claim 34 and/or any other asserted claim, whether literally or under the DOE.

|  |  |
|---|---|
| OF COUNSEL: | MORRIS NICHOLS ARSHT & TUNNELL LLP |
|  | */s/ Karen Jacobs* |
| Brett J. Williamson | _____ |
| Cameron W. Westin | Karen Ann Jacobs (#2881) |
| Jaston P. Burri | Lucinda C. Cucuzzella (#3491) |
| O'MELVENY & MYERS LLP | 1201 North Market Street |
| 610 Newport Center Drive, Floor 17 | P.O. Box 1347 |
| Newport Beach, CA 92660 | Wilmington, DE 19899 |
| (949) 823-6900 | (302) 658-9200 |
|  | kjacobs@morrisnichols.com |
|  | ccucuzzella@morrisnichols.com |
| Marc J. Pensabene |  |
| Laura B. Gore | *Attorneys for Defendant Therabody, Inc.* |
| Gyuhyun (Joanne) Bae |  |
| O'MELVENY & MYERS LLP |  |
| Times Square Tower |  |
| 7 Times Square |  |
| New York, NY 10036 |  |
| (212) 326-2000 |  |

February 2, 2024

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 2, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Aimee M. Czachorowski, Esquire<br>Andrew A. Ralli, Esquire<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>500 Delaware Avenue, Suite 700<br>Wilmington, DE  19801<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Lawrence R. LaPorte, Esquire<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>633 West 5th Street, Suite 4000<br>Los Angeles, CA  90071<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Ben A. Herbert, Esquire<br>MILLER | BARONDESS LLP<br>2121 Avenue of the Stars, 26th Floor<br>Los Angeles, CA  90067<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

          */s/ Karen Jacobs*
          _____
          Karen Ann Jacobs (#2881)